PEOPLE v BUFFA

1. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES.

Evidence regarding a defendant's prior criminal involvement is highly prejudicial and, hence, inadmissible until such time as the defendant takes the witness stand and raises the issue of his character or credibility, or unless such evidence is material and relevant to some other issue being tried.

2. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES—IDENTIFICATION.

Evidence concerning the prior criminal conduct of an accused may be admissible, in the discretion of the trial court, if of significant probative value respecting the identity of the perpetrator of the crime.

3. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES—PROBATIVE VALUE— DEFENDANT TESTIFYING.

The admission of prejudicial testimony regarding a defendant's prior criminal involvement elicited by a prosecutor which was completely devoid of probative value with respect to any material issue other than defendant's character or criminal tendencies was reversible error despite the fact that the defendant later took the stand, because it may well be that the improper introduction of the prejudicial testimony by the prosecutor convinced defense counsel that the only course available to counteract the impact of the damaging testimony was to advise defendant to testify.

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 December 4, 1973, at Grand Rapids. (Docket No. 15657.) Decided March 5, 1974.

Joseph C. Buffa was convicted of escape and, on his plea of guilty, of violating the habitual offender statute. Defendant appeals. Reversed and remanded for new trial.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 585.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

McGREGOR, J. Defendant was arrested on a charge of prison escape; trial was held on September 7, 1972, and defendant was convicted by a jury of escape from the Michigan Reformatory at Ionia, MCLA 750.193; MSA 28.390.

At trial, defendant testified that his life had been threatened on two separate occasions by another inmate brandishing a pipe and a knife, and that these threats were the sole reason for his escape.

On the date set for sentencing, the prosecutor filed an amended information, charging defendant under the habitual offender statute, MCLA 769.10; MSA 28.1082. Defendant entered a plea of guilty to this charge and received a consecutive sentence of from 3-1/2 to 7 years.

In his brief on appeal, defendant has favored us with a host of issues. Because we find consideration of one dispositive, we refrain from expressing our views with respect to the remainder.

The decisive question to be answered is whether reversible error was committed, during the people's case in chief, by the admission into evidence of testimony regarding defendant's prior criminal conduct.

During his case in chief, the prosecutor called as a witness the police officer who arrested the defendant on the prison escape charge in Warren,

Michigan, on January 27, 1972. During the direct examination of this witness, the following transpired:

"*Q.* Did you see him after the 27th day of January, 1972?

"*A.* Yes, sir.

"*Q.* Can you tell me about how long he remained in your community? Approximately.

"*A.* Little better than two months. I think it was around 70 days, 77 days.

"*Q.* When you went to the house, where you found Mr. Passalacqua and a man you now know as who?—

"*A.* Joseph Buffa.

"*Q.* —did you have any indication that he might be there by anything you saw outside the house?

"*A.* Yes, sir.

"*Q.* What was that?

"*A.* A truck with some signs on it indicating Ionia, Michigan."

The truck to which the officer alluded had been stolen by defendant at the time of his escape from the reformatory at Ionia and used by him to flee to Macomb County. The record and briefs filed in this Court indicate that, prior to trial on the escape charge, the defendant had been convicted in Macomb County of receiving and concealing stolen property in connection with the theft of the truck.

During redirect examination of the police officer by the prosecuting attorney, the following exchange took place:

"*Q.* The hearing you mentioned a couple of months ago in this county: was that the examination?

"*A.* Yes, sir.

"*Q.* Mr. McNamara was defending him at the preliminary examination?

"*A.* Yes, sir.

"*Q.* You didn't see Mr. Buffa at any other hearings in your own community?

"*A.* Yes, I did, but he was always with—

"*Mr. McNamara:* May it please the Court, I'm going to object to any other hearings in his own community.

"*The Court:* You got into this identification, if he saw him at some other occasion in the community. It's not saying what kind of a hearing it was.

"*Mr. McNamara:* I appreciate that. I just rather be too early than too late.

"*Mr. Marks: Was this other hearing concerned with him as a subject or as a witness?*

"*A. It was concerning him as a subject.*

"*Q. And was that entitled under the name of Buffa?*

"*A. Yes, it was.*" (Emphasis added.)

This Court is compelled to agree with defendant's assertion that the admission of the testimony (italicized above) referring to the witness's observation of the defendant at some other hearing concerning the defendant as a subject was reversible error.

It is true, as plaintiff asserts, that the testimony in question did not convey to the jury the impression that defendant was convicted of stealing the truck. Nonetheless, it seems evident to this Court that the testimony, either intentional or inadvertent, indicated to the jury that the defendant was the subject of some distinct criminal prosecution. Such evidence regarding defendant's prior criminal involvement is highly prejudicial and, hence, inadmissible until such time as the defendant takes the witness stand and raises the issue of his character or credibility, or unless such evidence is material and relevant to some other issue being tried. *People v Gardner,* 37 Mich App 520; 195 NW2d 62 (1972); see also McCormick, Evidence (2d ed), § 190, p 447 *et seq.*

Plaintiff urges, however, that the testimony was

relevant and material to the issue of the identification of the defendant as one of the persons arrested by the officer on January 17, 1972. Conceding that evidence concerning the prior criminal conduct of an accused may be admissible, in the discretion of the trial court, if of significant probative value respecting the identity of the perpetrator of the crime (see 29 Am Jur 2d, Evidence, § 322, p 372), we fail to see how this exception to the general rule of exclusion aids the plaintiff.

The testimony adduced up to the point of defense counsel's objection indicated that the officer had seen the defendant at some other hearing in Macomb County. We fail to perceive how the questions as to whether defendant was the subject of this other hearing or whether it was entitled under the name of Buffa added to the strength of the officer's identification testimony. As a result, the prejudicial testimony elicited by the prosecutor was completely devoid of probative value with respect to any material issue other than defendant's character or criminal tendencies. Under these circumstances, its admission was reversible error.

Of course, the fact that the defendant later took the stand and testified with respect to his use of the stolen truck in no way affects our disposition. It may well be that the improper introduction of the testimony in question by the prosecutor convinced defense counsel that the only course available to counteract the impact of the damaging testimony was to advise defendant to testify. Counsel's decision to employ that strategy does not vitiate the prejudicial effect of the improper introduction of the testimony. See *People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962).

Reversed and remanded for new trial.

All concurred.