## PEOPLE v ANDERSON

1. Criminal Law—Prosecutor's Statements—Prejudice.

A defendant convicted of armed robbery was not prejudiced by the prosecutor's opening statement which characterized the defendant's relationship with the complainant as prostitution where the statement only anticipated what the proofs would develop, the statement was not evidence, it was directed as much at the character of the complainant as that of the defendant, the prosecutor cautioned the jury that the defendant was not on trial for prostitution, and defense counsel did not object to the statement.

2. Criminal Law—Evidence—Impeachment.

The calling by the prosecutor of a defendant's probation supervisor to impeach testimony by the defendant that the defendant had reported to probation on the day of a robbery of which the defendant is accused is proper impeachment.

3. Criminal Law—Evidence—Hearsay—Miscarriage of Justice.

Testimony by a defendant's probation supervisor that she had confirmed by telephone during a recess that the defendant had not reported to a drug treatment program on the day that the defendant was accused of committing an armed robbery was hearsay and should not have been admitted; however, no miscarriage of justice resulted from admission of the testimony where the probation supervisor had already testified that from her own knowledge the defendant had not reported to probation on the day of the robbery (MCLA 769.26; MSA 28.1096, GCR 1963, 529.1).

Appeal from Wayne, Thomas J. Foley, J. Sub-

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial §§ 258–263, 274, 315 et seq.
  Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to guilt of accused. 50 ALR2d 766.
[2] 81 Am Jur 2d, Witnesses §§ 526, 612, 613.
[3] 29 Am Jur 2d, Evidence §§ 380, 504.

mitted June 7, 1977, at Detroit. (Docket No. 27055.) Decided October 12, 1977.

Patricia Anderson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797. She was sentenced to a term of from 2 to 15 years, and appeals as of right. Only two issues merit discussion.

Defendant first asserts error by the prosecutor when, in his opening statement to the jury, he characterized the defendant's relations with the complainant as prostitution.

The prosecutor's statement only anticipated what the proofs would, and did, of necessity develop—the relations between defendant and complainant prior to the events which caused defendant's arrest. The statement was not evidence, and it, together with the prosecutor's voir dire of the jury on this subject, was directed as much as the character of the complainant as the defendant. Thus neither *People v Buffa,* 51 Mich App 680; 216 NW2d 494 (1974), nor *People v Robinson,* 386 Mich

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

551; 194 NW2d 709 (1972), applies. There is no evidence in the record of an effort by the prosecutor to inflame the jury; to the contrary, he cautioned them that defendant was not on trial for prostitution, but for armed robbery. The lack of any prejudicial impact is further demonstrated by the fact that defense counsel voiced no objection.

Defendant next finds error in the calling by the prosecutor of defendant's probation supervisor to impeach defendant's testimony that she had reported to probation on the day of the claimed robbery. We have no quarrel with this type of impeachment. Defendant's account of the events of the day of the robbery centered on her visit to her probation officer. It was only in response to defense counsel's question to the probation officer on cross examination that the officer identified herself as a drug counselor.

The same officer, after a recess, testified that during the recess she had phoned the director of the drug program who checked the defendant's file and informed the witness that defendant had not reported to the drug program on March 14, 1975, the date of the robbery. This testimony was hearsay and should not have been admitted even though defense counsel made no objection. But noting that the witness, who was defendant's probation supervisor, had already testified of her own knowledge that defendant had not reported to probation on March 14, we find no miscarriage of justice resulting from the admission of the hearsay testimony. MCLA 769.26; MSA 28.1096; GCR 1963, 529.1.

We affirm.