PEOPLE v MAYS

1. CRIMINAL LAW—NEW TRIAL—GROUNDS—SERIOUS MISTAKE—DUTY OF COURT.

Courts, in deciding whether to grant a new trial in a criminal case because of a serious mistake, must balance the public interest in avoiding purposeless retrials against the defendant's interest in having all his rights recognized and asserted, and will not ordinarily grant a new trial unless it appears that the defendant would be acquitted if the mistake is not repeated at the new trial.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—ASSISTANCE OF COUNSEL.

The Sixth Amendment guarantees only that a defendant is entitled to an attorney with ordinary training and skill in the criminal law who will diligently, conscientiously and honestly represent him (US Const, Am VI).

3. APPEAL AND ERROR—CRIMINAL LAW—ASSISTANCE OF COUNSEL—TRIAL—STRATEGY.

The Court of Appeals will not substitute its judgment for that of trial counsel on matters of trial strategy; a defense counsel's waiver of the production of three witnesses and his decision not to object to the admission of a revolver into evidence will not be second-guessed by the Court of Appeals where these were matters of trial strategy.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL—WITNESSES—INDORSEMENT.

Failure of a defense counsel to move for indorsement of an individual as a res gestae witness was not reversible error and the defendant was not prejudiced thereby where counsel may have decided not to have the witness produced for fear that her testimony would have negated the theory of the defense; the decision was apparently made for a reason that could appear

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial §§ 158–163.
[2–4] 16 Am Jur 2d, Constitutional Law § 573.
    21 Am Jur 2d, Criminal Law § 318.

sound to a competent criminal attorney, and therefore, the·
assistance of counsel was not constitutionally defective.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —DUTY TO PRODUCE—PROSECUTORS—CUMULATIVE TESTIMONY—
   APPEAL AND ERROR.

   The prosecutor has an affirmative duty to produce all res gestae
   witnesses, but no reversible error results from the prosecutor's
   failure to indorse and produce res gestae witnesses whose
   testimony would be merely cumulative; where the question of
   failure to indorse or produce such witnesses on the alleged
   ground that they need not be indorsed or produced because
   their testimony would be cumulative becomes an issue on
   appeal the appropriate procedure is to remand for an eviden-
   tiary hearing to determine the question.

Appeal from Recorder's Court of Detroit, Mich-
ael J. Connor, J. Submitted June 18, 1975, at
Detroit. (Docket No. 19913.) Decided September 23,
1975.

Carl L. Mays was convicted of carrying a con-
cealed weapon. Defendant appeals. Remanded for
an evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Gerard A. Poehlman,* Assistant Prosecuting Attor-
ney, for the people.

*Gerald S. Surowiec,* for defendant.

Before: T. M. BURNS, P. J., and M. F. CAVANAGH
and M. J. KELLY, JJ.

T. M. BURNS, P. J. On March 29, 1973, defendant
was convicted in a nonjury trial of carrying a
concealed weapon. MCLA 750.227; MSA 28.424. He
was sentenced on October 23, 1973, to a term of

from 2 to 5 years in prison. On March 27, 1974, defendant's motion for a new trial was denied. Defendant now appeals as of right.

At trial, officer Ronald Martin testified that on March 8, 1972, he and his partners Virgil Starkey and James Harris observed a 1969 Cadillac at the north curb of Euclid west of 12th Street in the City of Detroit. Two individuals were outside of the car walking away from it, but when they saw the policemen one of them ran back to the car and threw a gun inside it. Officer Martin then observed several tinfoil packets, which contained suspected narcotics, being thrown out of the car. The policemen then apprehended the two individuals on the street and ordered everyone out of the car. Defendant was identified as one of the individuals inside the car as was a 15-year-old juvenile, Elma Griffin. The police then searched the parties involved and found a .32-caliber blue steel revolver in defendant's waistband. Officer Harris also identified the defendant as one of the individuals arrested that night.

After officer Harris's testimony, defense counsel waived the production of the three remaining prosecution witnesses, all policemen, because their testimony would have only been cumulative and added nothing material to the case. The people then made a motion to admit into evidence the revolver seized from the defendant. The motion was granted by the trial court.

The trial court then raised the issue of Elma Griffin's involvement in this case. The prosecutor argued that Ms. Griffin was a codefendant and, therefore, not a res gestae witness. Defense counsel argued that she was not a codefendant, pointing out that she had not been charged. Officer Martin was recalled, and he testified that he had

no personal knowledge of seeing her doing anything and that there was nothing in his preliminary complaint report to indicate that she was doing anything on the night in question.

The defendant took the stand on his own behalf and admitted that he was a passenger in the car but denied carrying a gun. Defendant claimed that Ms. Griffin was the party from whom the police took the gun.

Defendant has raised four assignments of error. We have considered them all. Those to which we do not specifically refer have not been disregarded. Rather, we consider them to be of insufficient substance to merit decisional discussion.

Defendant first claims on appeal that he was denied the effective assistance of counsel by his trial counsel's actions in failing to move to suppress certain evidence, in waiving the production of three prosecution witnesses and in not moving for indorsement of Elma Griffin as a res gestae witness. Defendant argues that but for these mistakes, a different verdict could have been reached by the trial court. We have reviewed the record and are not so persuaded.

The standard for reviewing a claim that a lawyer's mistakes resulted in the denial of the effective assistance of counsel was set forth in *People v Degraffenreid*, 19 Mich App 702, 718; 173 NW2d 317, 326 (1969):

"In deciding whether to grant a new trial because of a serious mistake a court applies concepts akin to those implicit in the harmless error rule, balancing the public interest in avoiding purposeless retrials against the defendant's interest in having all his rights recognized and asserted. Ordinarily a new trial will not be granted unless it appears that if a new trial is ordered during

the conduct of which the mistake is not repeated, the defendant may very well be acquitted."

Moreover, the Sixth Amendment guarantees only that a defendant is entitled to an attorney with ordinary training and skill in the criminal law who will diligently, conscientiously, and honestly represent him. *People v Degraffenreid, supra,* at 712, *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). This Court will not substitute its judgment for that of trial counsel on matters of trial strategy. In the case at bar, defense counsel's waiver of the production of the three prosecution witnesses and his decision not to object to the admission of the revolver into evidence were matters of trial strategy which will not be second-guessed by this Court. *People v McLeod,* 45 Mich App 332, 334; 206 NW2d 528 (1973), *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975).

As to defendant's claim that his lawyer made a serious mistake in not moving for the indorsement of Elma Griffin as a res gestae witness, after reviewing the record in this case, we find this claim to be meritless. We find that defense counsel's failure to move for Ms. Griffin's indorsement as a res gestae witness may have been a tactical decision, but that if it was not, defendant was not prejudiced thereby. Officer Martin testified that the gun was taken from defendant's person. Defendant testified that it was taken from Ms. Griffin. While at first blush it seems that Ms. Griffin's testimony could have exonerated the defendant, counsel may have decided not to have her produced for fear that she may have testified that the police took the gun from the defendant's waistband, thereby negating the theory of the defense. Thus to avoid this result, defense counsel may have decided not to move for her indorsement. *Cf.*

*People v Averill,* 59 Mich App 507, 513, 514; 229 NW2d 827 (1975). It appears to this Court that the error herein alleged involved a decision which was made for a reason that could appear sound to a competent criminal attorney such as defense counsel in this case. Therefore, the assistance of counsel was not constitutionally defective. *Beasley v United States, supra,* at 696.

Defendant also maintains that he was denied a fair trial by the prosecutor's failure to indorse and produce at trial Elma Griffin, a res gestae witness. At trial, the judge noted the failure to produce Ms. Griffin and the significance of such failure:

"I didn't have the advantage of having the testimony from Elma Griffin, although she was present. There is some indication that she may have been a co-defendant, either in this case or in a narcotics case, and it is impossible to tell whether her testimony would have been favorable to the defendant or favorable to the complainants in this case, the police officers."

It has long been held in Michigan that the prosecutor has an affirmative duty to produce all res gestae witnesses. MCLA 767.40; MSA 28.980, *People v West,* 56 Mich App 37, 39; 223 NW2d 353 (1974), *People v Unsworth,* 43 Mich App 741; 204 NW2d 759 (1972), *People v Kayne,* 268 Mich 186; 255 NW 758 (1934). In the case at bar, the prosecutor knew that Ms. Griffin was in the car with the defendant but did not indorse her as a res gestae witness. Since the defense claimed that Ms. Griffin could testify that the police officer did not take the gun from defendant's waistband, her testimony was crucial to the defense. We conclude that Ms. Griffin was a res gestae witness and consequently that it was error to fail to indorse her name on the information and call her as a prosecution witness.

*Cf. People v Wynn,* 60 Mich App 636; 231 NW2d 269 (1975).

Since no reversible error results from the prosecutor's failure to indorse and produce res gestae witnesses whose testimony would be merely cumulative, *People v Samuels,* 62 Mich App 214; 233 NW2d 520 (1975), *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973), the appropriate procedure is to remand for an evidentiary hearing to determine this question. *People v Samuels, supra, People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). If after the evidentiary hearing, the trial court determines that Ms. Griffin's testimony would have been merely cumulative, the conviction is affirmed. However, if the trial court determines that Ms. Griffin's testimony is not merely cumulative, the trial court shall reverse defendant's conviction and grant him a new trial. We do not retain jurisdiction. See generally *People v Samuels, supra.*