PEOPLE v KAIGLER

1. Criminal Law—Motion for New Trial—Failure to Produce
   Witness—Evidentiary Hearing.

   A defendant who desires reversal of his conviction or a new trial
   because of failure to produce a witness must, before filing his
   brief on appeal, move in the trial court for a new trial and
   should request an evidentiary hearing at which the prosecutor
   shall produce the witness or explain why he cannot produce the
   witness; the witness shall be examined regarding his knowledge
   of the crime and if a new trial is denied, the judge shall state
   the reasons.

2. Witnesses—Criminal Law—Res Gestae Witnesses—Production
   of Witnesses—Statutes.

   A prosecutor has a duty to indorse and produce all res gestae
   witnesses; all witnesses whose names are indorsed on the
   information must be produced at trial unless production is
   excused by the trial court or is waived by the defense (MCLA
   767.40; MSA 28.980).

3. Witnesses—Criminal Law—Production of Witnesses—Judge's
   Discretion—Cumulative Testimony.

   A trial judge's decision to excuse production of a res gestae
   witness will not be reversed unless that decision represents an
   abuse of the judge's discretion; a trial judge did not abuse his
   discretion by excusing the producing of a former police officer
   who had taken the original report from the complaining wit-
   ness where the former officer's testimony would have merely

References for Points in Headnotes
[1] 75 Am Jur 2d, Trial § 65.
[2] 41 Am Jur 2d, Indictments and Informations § 60.
   81 Am Jur 2d, Witnesses § 2.
[3] 75 Am Jur 2d, Trial § 65.
[4] 41 Am Jur 2d, Indictments and Informations, §§ 55, 56, 60, 153–
   157.
[5] 81 Am Jur 2d, Witnesses § 74.
[6] 81 Am Jur 2d, Witnesses §§ 75, 76.
[7] 75 Am Jur 2d, Trial § 131.
   76 Am Jur 2d, Trial § 1075.

duplicated that of his partner, who did testify regarding the taking of the report, and by excusing another officer who was one of two officers who verified that a vehicle found at the scene of the crime was stolen, where that officer's partner also testified.

4. WITNESSES—CRIMINAL LAW—ACCOMPLICES—RES GESTAE WITNESSES —INDORSEMENT OF WITNESSES.

A prosecutor has no duty to indorse and produce a defendant's accomplice, even though the accomplice might otherwise be considered a res gestae witness.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—POLICE OFFICERS—JUDGE'S DISCRETION—CUMULATIVE TESTIMONY.

A police officer who, after a defendant was arrested, arrived at the scene in order to drive away a stolen vehicle, was not a res gestae witness, and a trial court did not abuse its discretion by refusing to require the indorsement and production of the officer where the officer was not indorsed and where the officer's partner did testify and any further testimony would have been cumulative.

6. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES.

A trial court properly ruled that an individual was not a res gestae witness where that individual resided in a house adjacent to a defendant, the police knocked at his door and talked with him after they had arrested the defendant, and where he stated that he did not know the defendant or the defendant's companion, that he did not own either of the two automobiles that the defendant was working on and that he had not witnessed any of the preceding events.

7. CRIMINAL LAW—NEW TRIAL—JUDGE'S DISCRETION—ABUSE OF DISCRETION.

Rulings on a motion for a new trial are within the discretion of the trial court, and a denial of a new trial was not an abuse of discretion where the defendant claimed that he was entitled to a new trial because a juror had spoken to a spectator regarding the status of the jury's deliberations and the defendant's allegation was without supporting affidavits.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted January 9, 1978, at Detroit. (Docket No. 30215.) Decided February 8, 1978.

Dennis M. Kaigler was convicted of receiving and concealing stolen property in excess of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Richard A. Neaton,* Assistant Prosecuting Attorney, for the people.

*Barry E. Solomon,* for defendant on appeal.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

PER CURIAM. A Detroit Recorder's Court jury convicted the defendant of receiving and concealing stolen property in excess of $100. MCLA 750.535; MSA 28.803. The verdict was returned on July 2, 1976. Defendant was later sentenced to 40 months to 5 years in prison. His motion for a new trial was denied, and he appeals as of right.

The defendant's principal arguments on appeal concern the prosecution's failure to produce five witnesses. Two of the witnesses were endorsed on the information but were later stricken on the prosecutor's motion and argument that their testimony would be merely cumulative. The other three witnesses were neither endorsed nor produced. The defendant contends that they were res gestae witnesses and thus should have been endorsed and produced by the prosecution, pursuant to MCLA 767.40; MSA 28.980.

Although defendant did move for a new trial, based partly on the prosecution's failure to produce some of these five witnesses, he failed to request an evidentiary hearing which would have provided a complete record for review on appeal.

This procedure is required by *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973).

"In appeals filed after this opinion is published, a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness shall, before filing his brief on appeal, move the trial court for a new trial. The prosecutor shall produce or explain why he cannot produce the witness or, as the case may be, why he did not indorse and produce him at the trial. If the witness is produced at the hearing, he shall be examined regarding his knowledge of the crime. If a new trial be denied, the judge shall state his reasons."

As noted, no post-trial hearing was held. However, the defendant did move for a new trial. And we believe that the trial record itself provides a sufficient basis for reviewing the claims of error. We shall examine the arguments concerning each of the five witnesses separately, beginning with the two whose names were endorsed on the information.

Mark Schoof was one of two police officers who took the original theft report from the complaining witness. He did not witness the theft. Nor did he witness any of the events which led to the receiving and concealing stolen property charge. At the time of trial, Schoof had resigned from the Detroit police force and was living in Nevada. His partner, William Reid, did testify at trial about taking the original theft report. The prosecutor asked the trial judge to excuse production of Schoof on the grounds that his testimony would be merely cumulative in light of Reid's testimony. The trial judge granted the motion.

The prosecutor has a duty to endorse and produce all res gestae witnesses. MCLA 767.40; MSA 28.980; *People v Harrison,* 44 Mich App 578; 205

NW2d 900 (1973). *All* witnesses whose names are endorsed on the information must be produced at trial by the prosecutor unless production is excused by the trial judge or waived by the defense. *People v Connor,* 295 Mich 1; 294 NW 74 (1940).

Production may properly be excused if the endorsed witness's testimony would be merely cumulative. *People v Mays,* 64 Mich App 453; 236 NW2d 513 (1975). A trial judge's decision to excuse production of a witness will not be reversed unless that decision represents an abuse of the judge's discretion in such matters. *People v Bersine,* 48 Mich App 295; 210 NW2d 501 (1973).

We find no abuse of discretion in the judge's decision to excuse production of witness Schoof. From all indications, his testimony would merely have duplicated Reid's testimony. Further, the testimony itself was inconsequential in this case. There was no error.

The second witness who was endorsed but not produced was a Sergeant Ruhlig. He was one of two officers who proceeded to the scene after the defendant's arrest and verified that the car found at the scene was a stolen vehicle. This was done by examining the hidden vehicle identification number on the car. Ruhlig's partner, Officer Clayton, did testify at trial. The judge granted the prosecutor's motion to excuse Ruhlig's production on the grounds that his testimony would be cumulative. We agree and find no abuse of discretion. *People v Bersine, supra.*

The remaining three witnesses were not endorsed on the information. Defendant contends that they were res gestae witnesses and should have been endorsed and produced.

The first of these individuals was one Rahman Shah. Shah was arrested with the defendant at the

scene and later pled guilty to a similar charge. The prosecutor has no duty to endorse and produce a defendant's accomplice, even though the accomplice might otherwise be considered a res gestae witness. *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975). The trial judge did not abuse his discretion by refusing to require Shah's production at trial. *People v Bersine, supra.*

The defense also sought endorsement and production of Officer Lattimer who, along with his partner Officer Atkinson, arrived at the scene following the defendant's arrest in order to drive away the stolen vehicle. In our opinion, Officer Lattimer was not a res gestae witness. In any event, Officer Atkinson testified at trial and it is apparent that Lattimer's testimony would have been cumulative. The trial judge did not abuse his discretion by refusing to require the production of Officer Lattimer. *People v Bersine, supra.*

Finally, defendant contends that the prosecution should have endorsed and produced at trial one Ronald Geyder.[1] Following the defendant's arrest, the arresting officers knocked at the door of an adjacent house. An individual who identified himself as Ronald Geyder appeared at the door. He looked as though he had just been awakened and, in response to the officers' questions, stated that he did not know the defendant or Shah and that he did not own any of the cars on which the defendant and Shah had been working.

At trial and on appeal, defendant argued that Geyder was a res gestae witness who should have been produced at the trial by the prosecution. The trial judge ruled that he was not a res gestae

---

[1] There is considerable uncertainty as to the correct spelling of this individual's name. With no indication as to which spelling is correct, we have arbitrarily chosen one of the several alternatives.

witness. We recognize that the definition of a res gestae witness is unsettled. See, *e.g.*, *People v Harrison, supra.* However, based upon the testimony presented to the trial judge, we can find no abuse of discretion in his ruling that Geyder was not a res gestae witness, There are hints in the record that Ronald Geyder may not have been the individual's correct name. Further, it does seem strange that the defendant and Shah would have chosen Geyder's driveway in which to work on two or more stolen cars unless they knew the occupant of the adjacent house. However, Geyder's statement was that he did not own any of the cars, did not know the defendant or Shah, and had not witnessed any of the preceding events. Based on that testimony, the trial judge was justified in ruling that Geyder was not a res gestae witness.

In his motion for a new trial, the defendant alleged that one of the jurors had engaged in an improper conversation with a spectator during a trial recess. This allegation was purportedly supported by an affidavit attached to the new trial motion. However, our examination of the lower court file discloses no such affidavit. The prosecutor states that he has also been unable to find the affidavit. The mystery continues on appeal because defendant's appellate brief states that a copy of the affidavit is attached to the brief. However, examination of the briefs forwarded to this panel again discloses no such affidavit. Those failures alone are sufficient to reject the defendant's argument on appeal. But, assuming *arguendo* that a proper affidavit was presented to the trial judge, we nonetheless find no reversible error. Rulings on a motion for a new trial are entrusted to the discretion of the trial court. *People v Louis Williams,* 77 Mich App 119; 258 NW2d 68 (1977). As

alleged in the motion for a new trial, a juror reportedly stated that the jury was "hung up", that the juror was about to leave on a holiday, and that the jury would conclude its deliberations that afternoon. Without more (in fact there was less since it appears that no affidavit was submitted) the trial judge did not abuse his discretion by denying the motion for a new trial. Similarly, we find no error on appeal.

The conviction and sentence are affirmed.