PEOPLE v DAVIDSON

Docket No. 77-1917. Submitted November 7, 1978, at Detroit.—Decided January 18, 1979.

Anthony D. Davidson was convicted of possession of heroin, Wayne Circuit Court, Joseph B. Sullivan, J. The defendant appeals, claiming 1) that the conviction was based on an inference which was based upon another inference, and 2) that the trial court erred by admitting into evidence testimony that when arrested the defendant had money in his possession, including a marked $20 bill. *Held:*

1. The second inference which the defendant claims was based upon a first inference was, in actuality, based upon new and different evidence from that upon which the first inference was built and was not based upon the first inference.

2. The admission of the testimony regarding the money in the defendant's possession was not error. When knowledge on the part of a defendant is a material element of an offense, such knowledge may be proved by evidence of prior criminal activity.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — INFERENCES.

There is no conflict with the rule that there should be no inference upon an inference where a first inference is based on certain evidence and a second inference is based upon new and different evidence.

2. CRIMINAL LAW — EVIDENCE — DEFENDANT'S KNOWLEDGE — PRIOR CRIMINAL ACTIVITY — MATERIAL ELEMENT OF OFFENSE.

A defendant's knowledge may be proved by evidence of prior criminal activity where knowledge on the part of the defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 166.

Modern Statutes of the rules against basing an inference upon an inference or a presumption upon a presumption. 5 ALR3d 106-135, 158-163.

[2] 29 Am Jur 2d, Evidence §§ 323, 326.

is a material element of an offense for which the defendant is being tried.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Owen J. Galligan,* for defendant on appeal.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

PER CURIAM. Defendant was convicted of possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), by a Wayne County Circuit Court jury on October 7, 1976. Sentenced to a term of one to four years in prison on February 25, 1977, he appeals as a matter of right pursuant to GCR 1963, 806.1.

Officer Jackson of the Highland Park Police Department executed a search warrant at defendant's residence on August 12, 1975. Upon entering, Officer Jackson proceeded to a bedroom in the basement where he observed the defendant and two other persons, one male and one female. The second male, Ronald Avant, shared the basement bedroom with the defendant. Avant kept his personal possessions, including clothes, in the basement. Avant was described as being of the same general stature as the defendant, but thinner. Officer Jackson found four packets of heroin in the pocket of an orange plaid sport coat which was hanging, along with approximately 45 other garments, on a pipe in the basement. Jackson testified that he had observed the defendant wearing the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

same sport coat with matching pants and hat on two occasions prior to the arrest.

Defendant contends that his conviction itself was based on an inference which was based upon another inference.[1] We disagree. Recently the "no inference upon an inference" doctrine as set forth and explained in *People v Atley,* 392 Mich 298, 314-316; 220 NW2d 465 (1974), was modified or at least interpreted differently in a split opinion of this Court in *People v Orsie,* 83 Mich App 42, 46-48; 268 NW2d 278 (1978).[2] But as applied to the facts in the instant case it makes no difference whether the *Atley or Orsie* interpretation is adopted. Under each, the people have sustained their burden of proof. Unlike *Atley,* where both inferences were based on the same "evidence", in the instant case new and different evidence *viz.*— drugs in the jacket pocket—supported the second inference. Furthermore, the first inference (that the jacket was under the exclusive control of the defendant) is supported by more than the mere testimony that the officer had seen defendant wearing the jacket. The officer also testified the defendant was wearing a matching hat, a match-

---

[1] Defendant argues that based on the testimony that the officer had seen defendant wear the jacket, the jury was asked to arrive at its first inference, *viz.:*—that the jacket was under the exclusive control of the defendant. Next, the officer testified that four packets of heroin were found in the jacket pocket. The jury was also asked to arrive at the second inference, *viz.:* because defendant was the owner of the jacket (inference #1) and heroin was found in the pocket, defendant was the one who placed the drug in the jacket pocket.

[2] In *Orsie, supra,* at 48, the majority wrote, "In short, we express a preference for abandoning the no inference upon an inference terminology because we believe it to be misleading and uncertain of meaning. There is nothing inherently wrong or erroneous in basing a valid inference upon a valid inference. In so indicating, we do not consider that we are acting contrary to precedents established by the Supreme Court which are, of course, binding; on the contrary, we are consistent with the substance of those decisions." In his dissenting opinion, R. M. Maher, J., disagreed that the "no inference upon an inference rule" should be abandoned.

ing pair of pants and was observed so garbed not on just one but on two occasions. There was also testimony that the second male, Avant, was 20 pounds lighter than defendant. Given so substantial a weight difference it would be unlikely that a jacket becoming Avant would be worn by defendant. A witness listed clothing belonging to Avant, which list excluded the orange plaid sport coat.

We also reject the claim that the trial court erred by admitting into evidence testimony that when arrested defendant had in his possession $362, including a marked $20 bill. When knowledge on the part of the defendant is a material element of the offense, such knowledge may be proved by evidence of prior criminal activity. *People v McLean,* 230 Mich 423, 426; 202 NW 1005 (1925), *People v Nichols,* 33 Mich App 63, 67; 189 NW2d 865 (1971), MRE 404(b); 1 Gillespie, Michigan Criminal Law and Procedure (2d Ed) § 448, p 552.

Affirmed.

R. M. MAHER, J., concurs in the result only.