PEOPLE v JOYNER

Docket No. 78-3963. Submitted September 4, 1979, at Detroit.—Decided November 7, 1979.

John H. Joyner was convicted of first-degree felony murder, Recorder's Court of Detroit, Patricia J. Boyle, J. The defendant appeals, alleging that 1) the information charging the defendant with felony murder should have been quashed since there was no proof of the underlying felony, 2) his confession was involuntary since it was obtained after an earlier refusal to talk and prior to arraignment, 3) there was no proper foundation laid for the admissibility of tracking-dog evidence, 4) the police entry into the defendant's home and the subsequent seizure of the murder weapon was unlawful, 5) it was error for the trial court to allow the admission of evidence of the defendant's prior convictions for the purpose of testing his credibility, 6) the trial court improperly excused the prosecution from its duty to produce an endorsed witness, and 7) the trial court erred in denying the defendant's motion for a mistrial based on a possibly incriminating statement made by a 13-year-old witness. *Held:*

1. The examining magistrate did not abuse his discretion in binding the defendant over on the felony-murder charge. There was sufficient evidence, independent of the defendant's confession, to establish the corpus delicti of the underlying felony.

2. The trial judge's determination, after a *Walker* hearing, that the defendant's confession was voluntary was not improper.

3. There was no specific objection raised at trial to the lack of foundation for the admission of the tracking-dog evidence. There was no manifest injustice since all conditions precedent

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 443-450.

[2] 29 Am Jur 2d, Evidence §§ 582, 590.
    Constitutional aspects of procedure for determining voluntariness of pretrail confession. 1 ALR3d 1251.

[3] 5 Am Jur 2d, Appeal and Error § 601 *et seq.*

[4] 5 Am Jur 2d, Appeal and Error § 881.

[5, 6] 81 Am Jur 2d, Witnesses § 2.

to the admission of the evidence were properly established on the record. The issue has not been preserved for appeal.

4. The entry into the defendant's house without a warrant was based on probable cause established by the tracking-dog evidence. Since the entry took place within a few minutes of the crime with no break in the chain of immediate pursuit, the entry qualifies under the "hot pursuit" exception to normal warrant requirements. Since the entry was proper, the officers' subsequent sighting of the murder weapon in an open drawer was permissible under the "plain view" doctrine and the seizure of the knife was proper.

5. Prior to allowing the admission of evidence of the defendant's prior convictions, the trial judge noted her discretion on the matter and established on the record the factors underlying her ruling on the matter. The evidence was properly admitted.

6. The testimony of · the endorsed witness, who was not produced by the prosecution, would not have been merely cumulative. However, under the circumstances of this case, the failure of the trial court to order the production of the witness was harmless error.

7. The statement of the 13-year-old witness was not so inherently prejudicial as to require reversal, particularly since the trial judge directed the jury to disregard the remark.

Affirmed.

1. CRIMINAL LAW — MAGISTRATES — PROBABLE CAUSE — PRELIMINARY EXAMINATIONS — DISCRETION.

A magistrate may bind a defendant over for trial if a crime has been perpetrated and if there is probable cause to believe that the defendant committed it; neither a trial court nor an appellate court should disturb the magistrate's determination of probable cause, absent a clear showing of abuse of discretion.

2. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL AND ERROR.

An appellate court, when reviewing a trial court's rulings on the voluntariness of a defendant's confession, must examine the entire record and draw its own conclusions; however, if there is conflicting evidence and the determination of voluntariness is largely dependent on the credibility of witnesses, the appellate court should defer to the trial court's finding.

3. CRIMINAL LAW — EVIDENCE — APPEAL AND ERROR — MANIFEST INJUSTICE.

Failure to particularize an objection to the admission of evidence

precludes appellate review of the issue absent proof of manifest injustice.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — DISCRETION.

A trial judge may, in the exercise of discretion, exclude evidence of a defendant's prior convictions; it is error for the trial judge to fail to recognize his discretion and the factors underlying his decision on the record.

5. WITNESSES — CRIMINAL LAW — EXCUSING PRODUCTION OF WITNESS.

Normally, a witness endorsed by the prosecution must be produced; however, the trial judge may excuse the prosecution from its duty to produce an endorsed witness and the Court of Appeals will not disturb the decision absent a showing of abuse of discretion.

6. WITNESSES — CRIMINAL LAW — ENDORSED WITNESSES — EXCUSING PRODUCTION OF WITNESS — CUMULATIVE TESTIMONY.

A recognized basis for excusing the prosecution from its duty to produce an endorsed witness is that the witness's testimony would be merely cumulative.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slamenka,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Defendant was charged with first-degree felony murder contrary to MCL 750.316; MSA 28.548, convicted following a jury trial, and sentenced to life imprisonment.

On appeal, defendant asserts that each of his numerous allegations of error requires reversal. We do not agree and concern ourselves first with defendant's assertion that the information should have been quashed since there was no proof of the

underlying felony of armed robbery, or attempted robbery armed, MCL 750.529; MSA 28.797, MCL 750.92; MSA 28.287. A magistrate may bind a defendant over for trial if a crime has been perpetrated and if there is probable cause to believe that the defendant committed it. Guilt need not be proven beyond a reasonable doubt. *People v Asta,* 337 Mich 590, 609-610; 60 NW2d 472 (1953), *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976). Neither the trial court nor an appellate court should disturb the magistrate's probable cause determination absent a clear showing of abuse of discretion. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979). We find no such abuse of discretion here.

The transcript of proceedings at the preliminary examination indicates that both the wife and son testified that the deceased always carried a wallet in which he kept his identification, a clip in which he carried his money, and a large "clump" of 30 or 40 keys.

On the day of the incident the victim was driven to the party store by his wife who, according to her testimony, saw her husband enter the party store with his keys. The transcript reveals further that both wife and son stated that while the victim was in the store he kept his keys in a cigar box next to the cash register. Immediately following the incident, the keys and wallet were discovered to be missing and the cigar box was found empty on the floor. The money clip was in the victim's pocket but there was no money in the clip.

While it may well be argued that the missing wallet and the empty money clip require a pyramiding of inferences to form the basis for probable cause (even against the testimony of the employee from next door who testified that he saw the

defendant flee the scene holding a "bulge" in his pants), the missing "clump" of keys does not require the inference upon an inference prohibited by *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), but rather derives its basis from separate and distinct facts which, when viewed together, dictate a certain result. *People v Davidson,* 88 Mich App 276, 278; 276 NW2d 580 (1979), *People v Belcher,* 29 Mich App 341, 344-345; 185 NW2d 440 (1971).

In addition, there is the testimony of the defendant's girl friend that earlier in the day in question defendant had said that he wanted to "go get some money". These facts combined establish the corpus delicti of the robbery independent of any confession of the defendant. Therefore, his claim of error premised on the lack of independent evidence must fail.

Defendant also maintains that since the confession was obtained after an earlier refusal to talk and prior to arraignment it was involuntary. After a *Walker*[1] hearing on this matter, the trial judge determined that the confession was voluntary. When reviewing a trial court's rulings, an appellate court must examine the entire record and draw its own conclusions. *People v Crawford,* 89 Mich App 30, 33; 279 NW2d 560 (1979). However, if there is conflicting evidence and the determination of voluntariness is largely dependent on the credibility of witnesses, the appellate court should defer to the trial court's findings. *People v Dixon,* 84 Mich App 675, 681; 270 NW2d 488 (1978). The officers testified at trial that defendant had been fully advised of his *Miranda*[2] rights, had received

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1965).

adequate food and sleep and had not been threatened or physically abused. It is defendant's claim, however, that his statement was made as the result of threats made to him regarding his girl friend. Therefore, presented with a conflicting record, the trial judge viewed the video tape made of defendant's confession, and, from the relaxed demeanor of defendant exhibited on said tape, the trial judge could reasonably conclude that the confession was voluntary. See *People v Sparks,* 82 Mich App 44; 266 NW2d 661 (1978). Although there was not as prompt an arraignment here as required by MCL 764.13; MSA 28.871(1), we find that the delay was not used solely to coerce a confession. *People v White,* 392 Mich 404, 424; 221 NW2d 357 (1974), *People v Antonio Johnson,* 85 Mich App 247, 252-253; 271 NW2d 177 (1978).

Defendant contends that there was no proper foundation laid for the admissibility of tracking-dog evidence. Here a tracking-dog was used to trace defendant to the home where he was discovered, a short distance from the scene of the crime. Initially we note that this issue has not been properly preserved for appeal, as no specific objection was made at the time of testimony. Failure to particularize an objection precludes appellate review absent proof of manifest injustice. *People v Frederick Lester,* 78 Mich App 21, 32; 259 NW2d 370 (1977), *rev'd on other grounds* 406 Mich 252; 277 NW2d 633 (1979). We find no manifest injustice in this case as all conditions precedent to admissibility were properly established on the record. See *People v Harper,* 43 Mich App 500, 508; 204 NW2d 263 (1972).

Defendant further maintains that the police entry into his home and subsequent seizure of the murder weapon were unlawful. We conclude,

based on the record, that the tracking-dog evidence sufficiently constituted probable cause for the entry. Although this was an entry without a warrant, it took place within minutes of the murder. In light of this rapid follow-up and the fact that there was no break in the chain of immediate pursuit, we hold that the entry qualifies under the "hot pursuit" exception to normal warrant requirements. See *Warden v Hayden,* 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967), *United States v Holland,* 511 F2d 38 (CA 6, 1975). Further, since the officers' entry was proper, their subsequent sighting of the murder weapon in an open drawer was permissible under the "plain view" doctrine. See *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), *People v Harden,* 54 Mich App 353; 220 NW2d 785 (1974). As the trial court's ruling on the suppression of the knife was not clearly erroneous, *People v Ulrich,* 83 Mich App 19, 21; 268 NW2d 269 (1978), we will not reverse on this basis.

Defendant also asserts prejudicial error in the trial court's admission of evidence of defendant's prior convictions for the purpose of testing his credibility. Admissibility decisions are within the trial judge's discretion, *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), and should be made according to the dictates of *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).[3] The judge

---

[3] In this case, the Court enunciated the standard as follows:

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value of the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense

should note his discretion and the factors underlying his decision on the record, or the record should specifically indicate his cognizance of the criteria, as in the instant case. In the case at bar, the court carried on an extensive colloquy with counsel pertaining to admission before the trial judge made her ruling. We hold that this exchange adequately complied with the *Crawford* standards.

Next, defendant alleges that the prosecution was improperly excused from its duty to produce an endorsed witness. Normally, a witness endorsed by the prosecutor must be produced. *People v Buero,* 59 Mich App 670, 673; 229 NW2d 880 (1975). However, the trial judge may excuse a witness, *Buero, supra,* at 675, and this Court will not disturb his decision absent a showing of abuse of discretion. *People v Kaigler,* 81 Mich App 340, 344; 265 NW2d 324 (1978). In the case *sub judice,* the trial judge's proffered explanation for excusal was the probable cumulativeness of the witness's testimony, a widely-recognized basis for exemption. *Kaigler, supra, People v Mays,* 64 Mich App 453, 459; 236 NW2d 513 (1975). However, our review of the evidence is not consonant with this conclusion. There was testimony in this case that type-O blood was found at the scene of the crime, unlike the deceased's type-A blood and the defendant's type-AB blood. The technician who testified in this case indicated that type-AB blood would never show up as type-O blood, although both the prosecutor and defense counsel seemed to think otherwise. This matter was never resolved at trial. Although the testifying technician claimed that she ran the same tests as the excused technician, this unset-

which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)." 83 Mich App 35, 39; 268 NW2d 275 (1978).

tled matter leaves us unable to conclude that the missing technician's testimony necessarily would have been cumulative. In such cases, we would normally be compelled to remand to the trial court for an evidentiary hearing on possible prejudice to the defendant. See *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979), *People v Wingfield,* 62 Mich App 161; 233 NW2d 220 (1975). But, in this instance we are readily able to conclude that the missing testimony would have been of no assistance to the defendant.

First, the anticipated testimony of the missing witness would be more damaging to the defendant if, in fact, she were to testify that type-AB blood sometimes tests as type-O. Second, the defendant admitted stabbing the deceased; only the circumstances were in doubt. For these reasons, we conclude that it was harmless error to excuse the witness under the "cumulative evidence" exception, and that no evidentiary hearing is necessary. See *Pearson, supra, Kaigler, supra.*

Finally, defendant claims that the trial judge erred in denying a mistrial based on a witness's possibly incriminating statement. The 13-year-old witness's statement was not so inherently prejudicial that reversal is required, particularly since the trial judge directed the jury to disregard the remark. See *People v Harry Fleish,* 321 Mich 443, 463; 32 NW2d 700 (1948), *People v Chambers #1,* 64 Mich App 311, 313; 236 NW2d 702 (1975).

In light of the foregoing, we conclude that while defendant may not have had a perfect trial, he did, on balance, have a fair trial.

Affirmed.