786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY SMITH, Petitioner-Appellant,
v.
WILLIAM L. ABSHIRE, Respondent-Appellee.
 84-1564
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioner-appellant Larry Smith appeals from the district court's dismissal of his habeas corpus petition. Before this Court, Smith reasserts the three grounds which were presented to and rejected by the district court, that his confession was unconstitutionally elicited from him, that the Michigan authorities violated the Interstate Agreement on Detainers Act ('IAD'), 18 U.S.C. App. Sec. 2, Art. IV, subsection c (1982), by not bringing him to trial within 120 days of his arrival in Michigan, and that his original appellate counsel was constitutionally ineffective. In addition, Smith contends that the district court erred in not granting an evidentiary hearing on factual disputes which were not resolved in the state court. See 28 U.S.C. Sec. 2254(d)(1), Rule 8 (1982). We affirm the district court's denial of the petition.
 
 
 2
 In April 1978, Smith was convicted by a Michigan jury of first degree murder and conspiracy to commit first degree murder and sentenced to life imprisonment. On direct appeal, Smith's appellate counsel raised two issues, one of which was subsequently dropped.[1] The Michigan Court of Appeals found the one ground asserted to be without merit and Smith did not seek further review on this issue. After obtaining new counsel in September of 1981, Smith attempted to reinstitute his appeal by filing a delayed application for leave to appeal and motion to remand with the Michigan Court of Appeals raising five issues, including the three issues presented to the district court. The court of appeals found that the issues raised lacked any merit and the Michigan Supreme Court denied Smith's delayed application for leave to appeal. Smith then filed the present petition for habeas corpus in United States District Court.
 
 
 3
 Smith first asserts that statements which he made to a Michigan police officer, Harris, were unconstitutionally elicited. At the state suppression hearing, see People v. Walker, 374 Mich. 331, 132 N.W.2d 87 (1965), Smith maintained that he made the statements only in exchange for officer Harris' promise to get the charges which were pending against him in Texas dropped and have him extradited to Michigan. In contrast, officer Harris at the hearing testified that he gave Smith Miranda warnings before talking to him, that he told Smith that he had no authority over the Texas prosecution, and that Smith made the statements freely and not based upon any promises. The state trial judge after viewing both Smith and officer Harris testify concluded that Smith was lying and credited officer Harris' testimony.
 
 
 4
 Although the ultimate question of the voluntariness of a confession is a legal question requiring independent federal review, Miller v. Fenton, 106 S. Ct. 445, 450 (1985), subsidiary factual findings made by a state court are accorded a presumption of correctness, Miller, 106 S. Ct. at 453 ('length and circumstances' of interrogation question of fact). Thus, a state court's resolution of conflicting testimony is conclusive if fairly supported by the record and none of the other factors specified by Section 2254(d), 28 U.S.C. 2254(d) (1982), are applicable. Sumner v. Mata, 455 U.S. 591, 592 (1982) (per curiam). In this case, Smith contends that the state trial judge's conclusion that no promises had been made to him is not supported by the record. However, officer Harris specifically testified that Smith's confession was voluntary and that no promises had been made to Smith. This testimony amply supports the state trial judge's factual findings that no promises were made to Smith in exchange for his confession. Accepting this factual finding, we can only conclude that, as a matter of federal consitutional law, Smith's statements were voluntarily and freely given.
 
 
 5
 Smith next argues that he was not brought to trial within 120 days after he was returned to Michigan, in accordance with a detainer which had been lodged against him with the Texas authorities, in contravention of the IAD, which requires that a 'prisoner' be brought to trial within 120 days of the arrival of the 'prisoner' in the receiving state. 18 U.S.C. App. Sec. 2, Article IV, subsection c (1982); United States v. Mauro, 436 U.S. 340, 364 (1978). At the time Michigan issued the detainer, however, Smith was merely being held by the Texas authorities on pending charges. Consequently, Smith held the status of a pre-trial detainee--not a prisoner. This Court has held and the Supreme Court has indicated that the IAD is inapplicable to pre-trial detainees. United States v. Roberts, 548 F.2d 665, 670-71 (6th Cir.), cert. denied, 431 U.S. 920 (1977); Carchman v. Nash, 105 S. Ct. 3401, 3403 (1985) (detainer must be filed by a criminal justice agency in which 'a prisoner is incarcerated'); Maro, 436 U.S. at 343 (IAD prescribes procedures for bringing a 'prisoner' to trial). Accordingly, since Smith was a pre-trial detainee, he cannot assert a violation of the IAD.
 
 
 6
 A third argument Smith presents is he received unconstitutionally ineffective assistance of counsel from his original appellate counsel because he failed to obtain a transcript of the supression hearing, raise an objection to an incorrect jury instruction, and order a transcript of the IAD proceedings. In order to successfully interpose an ineffective assistance of counsel claim, a habeas petitioner must both overcome a 'strong presumption' that his attorney's actions were the result of 'reasonable professional judgment' and establish that the counsel's errors created 'a reasonable probability that . . . the result of the proceeding would have been different.' Strickland v. Washington, 104 S. Ct. 2052, 2066, 2068 (1984).
 
 
 7
 Smith's allegation that his attorney erred in failing to obtain a transcript of the supression hearing, even assuming that it meets the first prong of the Strickland test, fails to meet Strickland's prejudice requirement. Under Michigan law, an appellate court in reviewing a trial court's determination as to voluntariness of a confession is bound by the lower court's credibility determinations unless after a review of the record it is left with a definite and firm conviction a mistake has been made. E.g., People v. Catey, 135 Mich. App. 714, 721, 356 N.W.2d 241, 244 (1984); People v. Joyner, 93 Mich. App. 554, 558, 287 N.W.2d 286, 288 (1979) (per curiam). As previously discussed, the state trial judge's ruling pertaining to the voluntariness of Smith's statements was amply supported by the record. We, therefore, believe that a Michigan appellate court, as we are here, would be bound by the state trial judge's factual findings and credibility determinations. Accordingly, we hold that even had Smith's counsel obtained a transcript of the proceedings and raised the voluntariness issue on appeal, a reasonable probability does not exist that the results in the Michigan court of appeals would have been different.
 
 
 8
 Next, Smith contends that his original appellate counsel failed to raise an obviously erroneous jury instruction which informed the jury that he could be found guilty of murder based solely upon the actions of the gunman. The trial court, however, also gave a subsequent, detailed, and correct aiding and abetting instruction. In our view, Smith has failed to overcome the strong presumption that his attorney's failure to raise this issue was the result of reasonable professional judgment.
 
 
 9
 A Michigan appellate court reviews jury instructions as a whole to determine if they fully and fairly presented the law to the jury. People v. Woodson, 309 Mich. 391, 398, 15 N.W.2d 679, 682 (1944). Viewing the alleged erroneous jury instructions under this standard, we believe that Smith's counsel exercising his reasonable professional judgment could have reasoned that the subsequent aiding and abetting instruction ameliorated any possible harm by the earlier erroneous instruction, and hence Smith's counsel may have reasonably concluded that an appeal on this ground would have been fruitless. We, therefore, reject Smith's claim that his counsel's failure to raise the erroneous instruction constituted constitutionally ineffective assistance of counsel.[2]
 
 
 10
 Finally, Smith contends that the district court erred in not holding an evidentiary hearing on an unresolved factual dispute concerning the voluntariness of his confession. See 28 U.S.C. Sec. 2254(d)(1) (1982); Townsend v. Sain, 372 U.S. 293, 313 (1963). The state trial court, in this case, did hold a hearing on the voluntariness of Smith's confession and resolved the factual disputes between Smith and officer Harris. Since the state resolved the factual disputes surrounding this issue, Smith's contention is without merit.
 
 
 11
 For the foregoing reasons the judgment of the district court is affirmed.
 
 
 
 [1]
 The two issues were whether the trial court erred in failing to give an instruction regarding Smith's failure to testify at trial and in holding, in a pre-trial motion, that Smith could be impeached by his prior convictions if he testified. Smith's appellate counsel dropped the failure to testify question after learning that such an instruction had, in fact, been given
 
 
 [2]
 In light of our conclusion that Smith as a pre-trial detainee was not covered by the IAD, Smith's original appellate counsel's failure to investigate this possible avenue of relief was, in fact, legally correct