PEOPLE v AVERY

Docket No. 49645. Submitted December 4, 1981, at Lansing.—Decided March 17, 1982.

James E. Avery was convicted of forgery and uttering and publishing a forged instrument in the Bay Circuit Court, Ira W. Butterfield, J. Before trial, defense counsel made a motion *in limine* to exclude defendant's prior criminal record should defendant decide to take the stand. The trial court ruled that evidence of all prior felonies committed within the past ten years, except those involving forgery and uttering and publishing, were admissible. The trial judge specifically indicated he was exercising his discretion and that the probative value of these convictions outweighed any prejudicial effect. The trial judge did exclude evidence of all misdemeanors, convictions over ten years old and forgery or uttering and publishing convictions, stating that evidence of these convictions was excluded because its probative value was outweighed by its prejudicial effect on the defendant. The evidence at trial established that defendant went into a store, selected some clothing and approached the sales clerk, who rung up the merchandise for him. Defendant wrote out a check in front of the sales clerk, who immediately recognized the check as having been stolen. Defendant then presented some identification to the clerk so that the check would be taken as payment for the

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 517.
  29 Am Jur 2d, Evidence §§ 320, 321.
[2] 21 Am Jur 2d, Criminal Law § 266.
[3] 21 Am Jur 2d, Criminal Law §§ 279, 551.
[4] 36 Am Jur 2d, Forgery §§ 3, 20, 43.
[5] 21A Am Jur 2d, Criminal Law § 985.
  Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
[6] 5 Am Jur 2d, Appeal and Error § 623.
  75 Am Jur 2d, Trial § 906.
[7] 5 Am Jur 2d, Appeal and Error § 624.
  75 Am Jur 2d, Trial § 315.

clothing. The clerk went to the store detective and an assistant manager remained at the counter in order to detain defendant. The entire episode from the time the defendant came to the sales counter to the time that the store detective came down to investigate was approximately ten minutes. Defendant appealed. *Held:*

1. The failure of the trial court to discuss on the record the criteria considered in the decision to deny a motion to exclude references to defendant's prior criminal record does not establish reversible error where the trial court recognized its discretion in admitting such evidence and there is the absence of an affirmative misapplication of the criteria to be considered in the exercise of such discretion.

2. Convictions for both uttering and publishing a forged instrument and forgery may not both stand where the fact of the forgery supplies an element of knowledge indispensable to the conviction for uttering and publishing. When this occurs, the appropriate remedy is to vacate the conviction for forgery.

3. Defendant claimed he was denied effective assistance of counsel because his trial attorney did not argue lack of presentment to the jury. However, this would have been a minimal argument. Apparently the defense counsel instead chose to argue that there never was a risk of loss to the store, since the clerk knew, as soon as she saw the check, that it was stolen and, therefore, there was only attempted forgery and attempted uttering and publishing. A difference of opinion as to trial tactics does not amount to ineffective assistance of counsel, and the Court of Appeals is reluctant to substitute its judgment for that of a trial counsel in matters of trial strategy.

4. Defendant failed to preserve the issues of an erroneous jury instruction and improper remarks by the prosecutor by making timely objections.

Affirmed as to the uttering and publishing a forged instrument conviction. The forgery conviction was vacated.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

The failure of the trial court to discuss on the record the criteria considered in the decision to deny a motion to exclude references to defendant's prior criminal record does not establish reversible error where the trial court recognized its discretion in admitting such evidence and there is the absence of an affirmative misapplication of the criteria to be considered in the exercise of such discretion.

2. CRIMINAL LAW — MULTIPLE CONVICTIONS — LESSER INCLUDED
   OFFENSES — COGNATE INCLUDED OFFENSES.

   A defendant may not be convicted of two crimes where, on the
   facts of the particular case, the trier of fact must necessarily
   find him guilty of one in order to find him guilty of the other;
   this test does not rest solely on the distinction of necessarily
   included offenses and cognate lesser included offenses but re-
   quires an analysis of the facts in each case.

3. CRIMINAL LAW — MULTIPLE CONVICTIONS — MULTIPLE PUNISH-
   MENTS — SINGLE OCCURRENCE.

   Multiple convictions and their attendant punishments based on a
   single factual occurrence cannot stand absent a clear expres-
   sion of legislative intent to authorize multiple convictions and
   cumulative punishments.

4. FORGERY — UTTERING AND PUBLISHING — MULTIPLE CONVICTIONS.

   Convictions for both uttering and publishing a forged instrument
   and forgery may not both stand where the fact of the forgery
   supplies an element of knowledge indispensable to the convic-
   tion for uttering and publishing; when this occurs, the appro-
   priate remedy is to vacate the conviction for forgery.

5. CRIMINAL LAW — TRIAL TACTICS — APPEAL — ASSISTANCE OF
   COUNSEL.

   A difference of opinion as to trial tactics does not amount to
   ineffective assistance of counsel, and the Court of Appeals is
   reluctant to substitute its judgment for that of a trial counsel
   in matters of trial strategy.

6. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

   Failure of a defendant to object to a jury instruction in the trial
   court precludes review on appeal where the instruction, viewed
   as a whole, did not mislead the jury, was adequate, and was
   consistent with substantial justice.

7. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUES-
   TION.

   Failure to raise an objection to remarks made by a prosecutor
   during closing argument precludes appellate review unless the
   prejudicial effect of the remarks was so great as to be incapable
   of cure by a timely cautionary instruction.

*Frank J. Kelley*, Attorney General, *Louis J.
Caruso*, Solicitor General, *George B. Mullison*,

Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and ALLEN and T. C. MEGARGLE,* JJ.

T. C. MEGARGLE, J. Defendant was charged with forgery, MCL 750.248; MSA 28.445, and uttering and publishing a forged instrument, MCL 750.249; MSA 28.446. On April 25, 1979, in Bay County Circuit Court, a jury found defendant guilty of both counts. Defendant was sentenced to concurrent terms of 6-1/2 to 14 years. Defendant appealed as of right.

Defendant raises four issues in his appeal. The first issue is whether or not the trial court reversibly erred in ruling that evidence of the defendant's prior felony convictions could be used to impeach defendant should he testify in his own behalf.

Before trial defense counsel made a motion *in limine* to exclude defendant's prior criminal record should defendant decide to take the stand. The prosecutor objected and stated that there were a number of felony and dishonesty-related misdemeanor convictions against the defendant within the past ten years. The trial court ruled that evidence of all prior felonies committed within the past ten years, except those involving forgery and uttering and publishing, was admissible. The trial judge specifically indicated he was exercising his discretion and that the probative value of evidence

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

of these convictions outweighed any prejudicial effect.

Use of a defendant's prior felony conviction record for impeachment purposes is within the discretion of the trial court. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The trial court exercises this discretion by balancing the prejudicial effect of the evidence of prior convictions against their probative value on the issue of credibility. *People v Hughes,* 411 Mich 517, 520; 309 NW2d 525 (1981).

In *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), this Court construed *Jackson, supra,* as envisioning a true exercise of discretion by balancing the competing factors involved. The Court listed the factors which the trial judge must weigh in making his determination: one, the nature of the prior offense; two, whether it is for substantially the same conduct for which the defendant is on trial; and three, the effect upon the decisional process if the accused does not testify out of fear of impeachment by evidence of his prior convictions.

It is clear that the trial court must indicate its recognition of this discretion, *People v West,* 408 Mich 332; 291 NW2d 48 (1980), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Henry,* 101 Mich App 585; 300 NW2d 639 (1980), or it must appear on the record that the trial judge was aware that he had the discretion to disallow evidence of the prior convictions. *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978), *People v Pleasant,* 69 Mich App 322; 244 NW2d 464 (1976).

It is not clear, however, whether the record must affirmatively reflect the trial court's awareness of the proper criteria, as several recent panels

from this Court have reached opposite conclusions. Some panels have held that the trial judge should note his discretion and the factors underlying his decision on the record, or the record should specifically indicate his cognizance of the criteria. *People v Dyson,* 106 Mich App 90; 307 NW2d 739 (1981), *People v Joyner,* 93 Mich App 554; 287 NW2d 286 (1979). Other panels have determined that the case law does not require a finding by the trial court on the *Crawford* factors and, in the absence of an affirmative misapplication of the three criteria, declined to presume that the judge failed to consider the relevant criteria in admitting the evidence. *People v Love,* 91 Mich App 495; 283 NW2d 781 (1979), *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979), *People v Wakeford,* 94 Mich App 249; 288 NW2d 381 (1979).

In the instant case it is unclear from the record whether the trial judge knew the exact prior felony convictions with which the prosecutor intended to impeach the defendant. Defendant argues the trial judge could not intelligently weigh whether the introduction of these prior convictions was more probative than prejudicial without knowing what the convictions were. However, the trial judge did exclude all misdemeanors, convictions over ten years old and forgery or uttering and publishing convictions stating that these convictions were excluded because their probative value was outweighed by their prejudicial effect on the defendant.

Although the trial judge explicitly acknowledged and exercised his discretion to admit defendant's criminal record, the record on the motion to suppress these prior convictions reveals no discussion of the *Crawford* criteria.

In the instant case under *Roberson, supra,* the

trial court committed no error as it recognized and exercised its discretion, while under *Dyson, supra,* the trial court would have committed error as there was no discussion of the *Crawford* factors unless such error was harmless in view of the overwhelming evidence of the defendant's guilt.

We choose to follow *Roberson, supra,* and hold that the trial court did not commit reversible error. Even under *Dyson,* error, if committed, would be harmless as the evidence against the defendant in this case was overwhelming. Defendant was seen endorsing his name to a check which did not belong to him in an attempt to purchase items at a department store. Defendant presented no witnesses in his own behalf. It would appear that the evidence against the defendant was simply too overwhelming. Defendant's claim of error is, therefore, without merit.

The second issue is whether or not the defendant's conviction for forgery and uttering and publishing based upon the facts of this case constitute multiple convictions and double punishment for the same offense, in violation of the Double Jeopardy Clause.

Defendant's double conviction for forgery and uttering and publishing cannot stand. A defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find the defendant guilty of one crime in order to convict him of another. *People v Grable,* 95 Mich App 20; 289 NW2d 871 (1980).

Defendant's conviction of forgery and uttering and publishing constitutes "factual" double jeopardy. We hold that the defendant's forging an instrument and presenting it for payment constituted only a single criminal transaction. Defendant's right not to be placed twice in jeopardy for

the same offense was violated as the circumstance of the forgery was not severable and apparent from the uttering and publishing.

The evidence at trial established that defendant went into a Sears store, selected some clothing and approached the sales clerk, who rung up the merchandise for him. Defendant wrote out a check in front of the sales clerk, who immediately recognized the check as having been stolen. Defendant then presented some identification to the clerk so that the check would be taken as payment for the clothing. The clerk went to the store detective and an assistant manager remained at the coutner in order to detain defendant. The entire episode from the time the defendant first came to the sales counter to the time that the store detective came down to investigate was approximately ten minutes. We hold that these facts constitute a single criminal transaction and violate "factual" double jeopardy. The fact of forgery supplied the element of knowledge indispensable to a conviction for uttering and publishing in this case. No evidence of knowledge that the instrument was false, a necessary element of uttering and publishing, was presented at the trial apart from the fact of forgery. The forgery was therefore a necessary prerequisite for the uttering and publishing of which the defendant was also convicted. Because there is no legislative intent to clearly authorize multiple convictions and cumulative punishments based upon one factual occurrence, the two convictions and punishment for forgery and uttering and publishing cannot stand. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Under *People v Grable, supra,* this Court held forgery supplied the element of knowledge indis-

pensable to a conviction for uttering and publishing; it is as if the forgery merged into the latter offense, at least for double jeopardy purposes, so as to constitute but a single wrongful act. There is no evidence of knowledge that the instrument was false, apart from the fact of forgery. Consequently, we hold that the appropriate remedy is to affirm defendant's conviction for uttering and publishing a forged instrument, and to vacate defendant's conviction for the crime of forgery. See also *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977).

Defendant's third claim of error is that he was improperly convicted of uttering and publishing because defense counsel failed to recognize and argue that there was a factual issue as to the presentment of the check.

We find this argument to be without merit, although there are very few Michigan cases which discuss presentment in a factual context. Those that do support the prosecutor's argument that presentment was established. See *People v Rogers,* 411 Mich 202; 305 NW2d 857 (1981), *People v Fudge,* 66 Mich App 625; 239 NW2d 686 (1976).

Defendant claims he was denied effective assistance of counsel because his trial attorney did not argue lack of presentment to the jury.

In *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981), this Court discussed how a claim of ineffective assistance of counsel was to be reviewed. In this case defense counsel's overall performance was capable. The only alleged error was his failure to argue lack of presentment. However, this would have been a minimal argument. Apparently the defense counsel instead chose to argue that there never was a risk of loss to Sears, since the clerk knew, as soon as she saw the check, that

it was stolen and, therefore, there was only attempted forgery and attempted uttering and publishing.

It is well established that this Court is reluctant to substitute its judgment for that of trial counsel in matters of trial strategy. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981), *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976). Defendant was not deprived of a substantial defense.

Defendant also alleges that the trial court's instructions on attempted uttering and publishing were either too general or too confusing. Apparently defendant claims that the trial court failed to adequately present the defense theory of lack of presentment, a crucial issue, and failed to adequately distinguish between attempted uttering and publishing and the completed offense. This argument is without merit.

It is well settled that appellate review is precluded if no objection is made at trial to jury instructions, provided the jury instructions, viewed as a whole, did not mislead the jury, were adequate and not inconsistent with substantial justice. *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981). When defendant does not object to jury instructions given by the trial court, reversal is not warranted unless manifest injustice would result. *People v Dixon,* 84 Mich App 675; 270 NW2d 488 (1978), *lv den* 405 Mich 837 (1979).

Although defense counsel did object to some of the jury instructions, there was no objection that the attempted uttering and publishing instruction itself was not proper. Furthermore, earlier in the trial the judge gave the jury some general instructions after a lengthy discussion of acceptance of a bad check and defense counsel stated he had no

objection to those instructions, though he objected to the court's instructions on acceptance of the check.

Because the trial court's instructions on attempted uttering and publishing were not objected to at trial, this Court will reverse only if it finds error which, if uncorrected, would result in manifest injustice to the defendant. After reviewing the jury instructions as a whole, it becomes apparent that the jury was sufficiently charged as to attempted uttering and publishing. Although the instructions could have been more specific and clear, they were nevertheless satisfactory inasmuch as the judge listed the specific elements of forgery and uttering and publishing and then instructed the jury as to attempt for those crimes. *People v Bailey,* 103 Mich App 619; 302 NW2d 924 (1981). The jury was then told that attempted uttering and publishing was a lesser included offense of uttering and publishing, almost identical to the standard jury instructions on attempt as a lesser included offense. This instruction was satisfactory and did not mislead the jury. Even if the instruction was erroneous, it does not rise to the level of manifest injustice if left uncorrected; therefore, defendant's claim is without merit.

Defendant's last claim of error is the issue that the prosecutor's remarks were improper, appealed to civic duty and a complete perversion of the law of attempt. The prosecutor did state that the jury was "the spokesman for the community's conscience" and argued, "We have a very strong uncontroverted, unquestioned eyewitness testimony that the defendant was observed writing out a check, that he presented this check and some identification." The prosecutor, contrary to defendant's allegation in his brief, did not tell the jury

that they had a duty to this state to convict people like defendant.

Defendant's counsel did not object to the prosecutor's statement during trial. The law in Michigan is clear that the absence of objection during the trial precludes appellate review of alleged prejudicial remarks by a prosecutor in closing argument, unless the prejudicial effect was so great that it could not have been cured by a timely cautionary instruction. *People v Lasenby,* 107 Mich App 462; 309 NW2d 572 (1981), citing *People v Rojem,* 99 Mich App 452; 297 NW2d 698 (1980), *People v Tenbrink,* 93 Mich App 326; 287 NW2d 223 (1979), *People v Blassingame,* 59 Mich App 327; 229 NW2d 438 (1979).

The prosecutor's comments were supported by the evidence in the case and therefore were not improper.

Defendant's conviction for the crime of forgery is vacated; the conviction for uttering and publishing a forged instrument is affirmed.