PEOPLE v COOK

Docket No. 67026. Submitted June 14, 1983, at Lansing.—Decided
    February 6, 1984.

Douglas R. Cook was convicted of breaking and entering a build-
    ing with intent to commit larceny therein, Oakland Circuit
    Court, Francis X. O'Brien, J. The defendant appealed alleging
    that: (1) the trial court erred in improperly admitting evidence
    of his prior conviction for unarmed robbery, (2) the prosecuting
    attorney's closing argument denied him a fair trial, (3) the trial
    court erred in denying defendant's motion for a directed ver-
    dict, and (4) the trial court erred by failing to state its reasons
    for arriving at the sentence. *Held:*

    1. The trial court did not abuse its discretion in admitting
    evidence of defendant's prior conviction for attempted unarmed
    robbery. The trial court exercised discretion and properly bal-
    anced the appropriate factors on the record for determining
    whether evidence of that prior conviction should be admitted.

    2. The prosecutor's error, if any, in referring to a stipulation
    between the defendant and the prosecution during closing
    argument was harmless beyond a reasonable doubt. The defen-
    dant's failure to object at the trial precluded a chance for a
    curative cautionary instruction to the jury.

    3. The trial court did not err in denying the defendant's
    motion for a directed verdict. In viewing the evidence and
    testimony in the light most favorable to the prosecution, a

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 81 Am Jur 2d, Witnesses §§ 569, 571.
    Propriety, on impeaching credibility of witness in criminal case by
        showing former conviction, of questions relating to nature and
        extent of punishment. 67 ALR3d 775.
[5] 20 Am Jur 2d, Courts § 69.
[6, 7] 5 Am Jur 2d, Appeal and Error §§ 624-627.
    75 Am Jur 2d, Trial § 192.
[7] 75 Am Jur 2d, Trial § 708.
[8] 75 Am Jur 2d, Trial § 550.
[9] 13 Am Jur 2d, Burglary §§ 1, 8, 10.
[10] 5 Am Jur 2d, Appeal and Error § 623.
[11] 75 Am Jur 2d, Trial §§ 851-853.

rational trier of fact could have found beyond a reasonable doubt that the evidence proved a breaking and entering of an unoccupied dwelling with felonious intent and that the defendant was the perpetrator of that offense.

4. The trial court did not err requiring reversal of the defendant's conviction by failing to state its reasons for arriving at the sentence that was imposed. The sentence falls within the limits imposed by statute. There is no factual argument that the presentence report was inaccurate and there has been no showing that the trial court improperly applied criteria for determining an appropriate sentence so as to shock the conscience of the Court of Appeals.

Affirmed.

1. EVIDENCE — PRIOR CONVICTIONS — RULES OF EVIDENCE.

Evidence that a witness has been convicted of a crime may be admitted for purposes of attacking the credibility of that witness if: (1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty, or false statement, regardless of the punishment, and (2) the court determines that the probative value of admitting the evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination (MRE 609[a]).

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, i.e., can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?).

3. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

A trial court must weigh certain factors in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions for the following purposes: (1) to put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity; and (2) to keep from the jury those convictions which, although they may be indicative of defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence.

4. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial court recognized its discretion to decline to admit the evidence of the convictions; and (2) whether the trial court's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion.

5. COURTS — ABUSE OF DISCRETION.

The term discretion involves the idea of choice, of an exercise of the will, of a determination made between competing considerations; in order to find a trial court's abuse in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

6. APPEAL — PROSECUTORIAL COMMENT — CRIMINAL LAW.

Appellate review of a prosecutor's closing argument is foreclosed in the absence of objection unless failure to consider the issue would result in a miscarriage of justice.

7. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

A conviction should not be reversed on the basis of allegedly improper prosecutorial argument where there was no objection at the trial and no request for a cautionary instruction to the jury unless, in all likelihood, a curative instruction would not have eliminated the prejudice arising from the prosecutor's remarks.

8. CRIMINAL LAW — DIRECTED VERDICTS.

A trial judge, when ruling on a motion for a directed verdict of acquittal, must consider the evidence presented by the prosecu-

tion up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

9. BURGLARY — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY.

The elements of the crime of breaking and entering a building with intent to commit larceny therein are: (1) the breaking and entering of (2) a building or unoccupied dwelling with (3) felonious intent (MCL 750.110; MSA 28.305).

10. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

A verdict will not be set aside on the basis of alleged error in the jury instructions where no objection was made at trial to the instructions unless the error would result in a miscarriage of justice.

11. CRIMINAL LAW — JURY INSTRUCTIONS.

The jury instruction that, if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, the jury is duty bound to accept the construction indicating innocence is applicable only where the circumstantial evidence against the defendant is weak.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman,* for defendant on appeal.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

R. I. COOPER, J. Defendant, Douglas Cook, was convicted by a jury of breaking and entering a building with the intent to commit the crime of larceny therein, MCL 750.110; MSA 28.305. He was sentenced to a prison term of not less than three and one-half years nor more than ten years.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Prior to the trial, defendant submitted a motion *in limine* to suppress evidence of his prior criminal record. The prosecutor indicated that he would use evidence of three prior felony convictions to impeach the defendant: *i.e.,* 1) attempted unarmed robbery; 2) escape; and 3) entry without breaking with intent to commit larceny. Defense counsel argued that admission of evidence of defendant's prior convictions would effectively deny defendant the right to take the witness stand and that prejudice would result from the similarity of the prior convictions to the charged offense. The trial court ruled that the entry without breaking with intent to commit larceny conviction was so similar to the instant offense that admission of evidence of that conviction would be more prejudicial than probative. The trial court also suppressed evidence of the escape conviction in that its probative value was not sufficiently related to the question of credibility. The trial court did not suppress evidence of the prior conviction of attempted unarmed robbery.

At the trial, the following information was established. While on patrol, a police officer heard an alarm. He checked a business known as "The Historical Shop". He found that the window of the shop had been smashed, items were pulled out of the store through the broken window, and merchandise was scattered on the sidewalk. The owner of the building was called and arrived at approximately 5:45 a.m. She observed that the front window had been smashed in, drapes were torn down, a display case was turned over, items in the case were broken, a small case with jewelry was found next door behind a beauty shop, and a small jewelry box containing rings was missing. She identified an ivory hand carved ring as being a

missing ring. It was established that it had snowed during the night. Police Officer Richard O'Brien followed two sets of footprints in what he described as freshly fallen snow. He noticed distinguishing marks about each set of footprints in that one set had round indents and the other set had a waffled-type design with elliptical lines running the length of the shoe. The officer followed the footprints to a house located at 318-1/2 West Parent Street. He observed a separate set of footprints leaving that address and tracked them to the scene of the crime. The arriving and departing set of footprints matched each other. The officer then returned to the house on Parent Street and knocked on the door. The defendant and Jack Weston came out of the house. Both were wearing boots. The officer compared the footprints left by the two men and determined that they were the same size and shape as the tracks that he had followed. He advised the defendant of his *Miranda*[1] rights. The defendant emptied his pockets which contained three watches and a white floral stone ring. At the trial, it was stipulated that the ring and three watches found on defendant Cook were not taken from the Historical Shop. A search of the house revealed various watches, earrings, and a ring. Only the ring was identified as coming from the Historical Shop.

Pursuant to a defense motion for a directed verdict, the trial court determined that, although the bootprints were not conclusive evidence of guilt, the jury had a right to consider the prints as proper circumstantial evidence in conjunction with other testimony and evidence presented at the trial and thus denied the motion. The defense

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

attorney emphasized that there were no eyewitnesses, that no stolen property was found on the defendant, and that the recovered ring was located in Jack Weston's bedroom. He also stated that there was a failure to prove that the boots worn by the defendant when he came to the door matched the footprints left in the snow except as to size and shape.

Defense witness Jack Weston, who had pled guilty and was incarcerated for the breaking and entering of the Historical Shop, testified that he and Dale Cruthers had broken into the Historical Shop. He testified that defendant Cook and a man named Kelly Sutherland had remained at the Parent Street address and were still there when they returned after the breaking and entering. Weston testified that Mr. Cook put on Cruthers's boots because Mr. Weston had told the defendant it had snowed during the evening. Witness Weston admitted that he had never mentioned the existence of Dale Cruthers on the evening of the arrest. He also testified that he did not know how to reach Mr. Cruthers. A detective located Dale Cruthers through use of a computer, but the gentleman who was located said he did not know the defendant or Jack Weston. Witness Kelly Sutherland testified that he and Mr. Cook had visited Mr. Weston's house but that witness Sutherland had drunk so much Southern Comfort that he fell asleep about midnight and did not wake up until the police arrived. He stated that no one else had arrived at the house.

On appeal, defendant argues that the trial court improperly admitted evidence of the defendant's prior conviction of attempted unarmed robbery.

The admissibility of evidence of prior convictions is governed by MRE 609(a), which provides in pertinent part:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."

The trial court has discretion in admitting evidence of a defendant's prior convictions for impeachment purposes. *People v Avery,* 114 Mich App 159; 318 NW2d 685 (1982); *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). This discretion requires the trial court to balance the probative value of the evidence of prior convictions against the prejudicial effect. *People v Avery, supra; People v Hughes,* 411 Mich 517; 309 NW2d 525 (1981). In its balance of the probative value against the prejudicial effect on the issue of credibility, the court must weigh the following three factors:

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story

be presented, or are there alternative, less prejudicial means of impeaching the defendant?)." *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

The opinion in the *Crawford* case also observes that there must be a "true exercise of discretion by balancing the competing factors involved', citing *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), and that "the people must justify admission", citing *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975). *Crawford, supra,* p 38.

The purpose of the three-fold inquiry enumerated in *Crawford* is as follows:

"1) To put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity; and

"2) To keep from the jury those convictions which, although they may be indicative of defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence. Such interference is what is meant by 'prejudice'.

"If, after evaluating these factors, the judge believes the prejudicial effect of admitting prior conviction evidence outweighs its probative value, the evidence should be excluded." *People v Hughes,* 411 Mich 517, 520-521; 309 NW2d 525 (1981), *reh den* 412 Mich 1101 (1981).

The trial court must exercise its discretion on the record, *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974); *People v West,* 408 Mich 332; 291 NW2d 48 (1980), or it must appear on the record that the judge was aware that he had discretion. *People v Avery, supra,* and *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981), *lv den* 413 Mich 937 (1982).

Regarding MRE 609(a), the trial court observed

that the attempted unarmed robbery was a felony under § (1) and that under § (2) it addressed credibility by stating that the felony would relate to truthfulness and veracity. The trial court compared the similarity of the three prior convictions and determined that the conviction of attempted unarmed robbery would not violate the "similarity" concern. Finally, the trial court observed that the defendant had alternative means of presenting a defense without testifying. This latter factor is pertinent in that witness Jack Weston presented considerable exculpating testimony which, if believed, would have acquitted the defendant.

It is important that one not lose sight of the fact that a motion *in limine,* such as presented in the present case, is frequently addressed prior to trial. At that point in time, the trial court has not been exposed to the opening arguments of the attorneys nor the development of evidence at trial. Thus, the court has to rely on the prosecutor's intended purpose which, as stated under MRE 609(a), deals with attacking the credibility of a witness. In one sense, the language of the rule itself makes credibility a primary factor to be considered and thus makes credibility a primary probative factor. By excluding evidence of similar offenses, an important prejudicial factor is eliminated. The question remains whether "credibility" is sufficiently probative in itself, or whether the concept of credibility has to be directed towards a particular element or circumstance or matter of evidence involved in the particular case being tried. It would be most difficult at a pretrial stage for a prosecutor to be able to know if credibility is going to be related to a particular matter of evidence, circumstance, or other matter of contention. Thus, it is reasonable and understandable that the main probative value

asserted by the people will be that of credibility in general without a greater showing of specificity regarding probative value. Certainly, defendants will feel that the prosecutor is being given a "candied apple" to carry into the courtroom not only to satisfy the appetite of the prosecutor but also to be hurled against the defendant if the defendant testifies. However, this concern is somewhat mitigated by the third factor under *Crawford* which requires the trial court to ascertain whether there are alternative methods by which the defendant can present a defense without having to testify. Again in our case, witness Weston satisfied that factor.

The standard on appeal as to whether the trial court abused its discretion by admitting evidence of the defendant's prior conviction of attempted unarmed robbery is:

"(1) whether the trial judge recognized his discretion to decline to admit evidence of the convictions, and (2) whether the trial judge's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion." *People v Carpenter,* 120 Mich App 574, 580; 327 NW2d 523 (1982).

Abuse of discretion is defined as follows:

" '[A]n abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an " 'abuse' " in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *People v Talley,* 410 Mich 378, 387;

301 NW2d 809 (1981), quoting from *People v Charles O Williams,* 386 Mich 565, 573; 194 NW2d 337 (1972).

As stated above, it is clear that the trial court exercised discretion by excluding evidence of two of the prior convictions and by weighing credibility in relation to honesty and truthfulness. The crime of unarmed robbery is a crime of moral turpitude. Thus, although it does not directly involve veracity, it does have probative value. See *People v Whigham,* 102 Mich App 96; 300 NW2d 753 (1980), *lv den* 412 Mich 932 (1982). Where a trial court takes a more cautious approach than delineated by this opinion and suppresses evidence of a prior dissimilar conviction, it may well reserve the right to allow the admission of evidence of such a prior condition after all, if the defendant does in fact testify in a manner inconsistent with his having a prior record such as by claiming he has a clear record or has never had any trouble with the law. These examples are not to be all inclusive. In conclusion, the trial court did not abuse its discretion by admitting evidence of defendant's prior attempted unarmed robbery conviction. The trial court exercised discretion and properly balanced the *Crawford* factors.

Next, defendant argues that the prosecutor's statements during closing argument denied him a fair trial. The prosecutor and defense had stipulated that the watches found on the defendant were not from the Historical Shop. In his closing argument, the defense attorney reminded the jury of the stipulation that the property taken from the defendant was not taken from the Historical Shop. The prosecutor, on rebuttal, stated as follows:

"He points to the fact that there was a stipulation with regards to these watches. It's true, we did stipulate

to the fact that those watches were not from the Historical Shop. We don't know where these watches came from. All we know is that there were numerous watches produced by the defendant when he was arrested by the police."

Because there was no objection at the trial, the issue becomes whether there was a manifest injustice committed by the prosecutor. See *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), *rev'd on other grounds* 414 Mich 877 (1982). It is clear that the defense attorney in his closing argument referred to the aforementioned stipulation. The prosecutor also had a right to refer to the same stipulation. The prosecutor's arguments were derived from evidence admitted in the case. If the defense thought a prejudicial statement had been presented, it could have sought a curative instruction. No objection was raised. Thus, even if the comment exceeded permissible bounds, failure to object precluded a chance for a timely curative cautionary instruction to the jury. See *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971); *People v Stout,* 116 Mich App 726; 323 NW2d 532 (1982). In conclusion, the prosecutor's error, if any, is harmless beyond a reasonable doubt insofar as a curative instruction would have cured any prejudice.

Defendant fails in his argument that the trial court erred in denying defendant's motion for a directed verdict. The standard to be employed by this Court in reviewing a claim that a directed verdict was improperly denied is as follows:

"In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made, *Garcia, supra [People v Garcia,* 398

Mich 250; 247 NW2d 547 (1976)], view that evidence in a light most favorable to the prosecution, *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt, *[Jackson v Virginia,* 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979)]." *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den* 449 US 885 (1980).

In the present case, defendant was convicted of breaking and entering a building with intent to commit larceny therein, MCL 750.110; MSA 28.305. The elements of this offense are 1) the breaking and entering of 2) a building or unoccupied dwelling with 3) felonious intent. In viewing the evidence and testimony in the light most favorable to the prosecution, it was shown that the officers found footprints in freshly fallen snow that led them to a house where the defendant was present during the early morning hours. The defendant responded to the knock on the door and was observed wearing boots which matched by shape and size those footprints which led from the scene of the breaking and entering to said residence. The crime scene clearly showed a breaking and entering in that a front window was broken and goods were strewn about including items found outside of the building. The building was a store. A rational trier of fact could have found beyond a reasonable doubt that the above matters proved a breaking and entering of a building with felonious intent and that the defendant was the perpetrator of this offense.

The trial court, when instructing the jury on direct and circumstantial evidence, omitted CJI 3:1:10(7) and revised CJI 4:2:02(7). The latter states: "If the * * * evidence * * * is open to two reasonable constructions, one indicating guilt and

the other innocence, it is your duty to accept the construction indicating innocence." The defendant argues that this instruction should have been given in that the circumstantial evidence against the defendant was weak. However, defense counsel failed to object to the omission at the trial. Appellate review is precluded if counsel failed to object to the trial court's jury instructions. *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969); *People v Doss,* 122 Mich App 571; 332 NW2d 541 (1983). Absent an objection, "the verdict will not be set aside unless the error results in a miscarriage of justice". *People v Bonner,* 116 Mich App 41; 321 NW2d 835 (1982). This Court has previously articulated that the giving of CJI 3:1:10(7) is confined to cases where the circumstantial evidence against the defendant is weak. *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980). In reviewing the circumstantial evidence in this case, we do not find that the evidence is weak. In addition to the tracking of footprints and the defendant's wearing of boots matching the footprints, and the fact that the footprints were of a large size and that the defendant was 6'5" tall, there is strong circumstantial evidence linking the defendant to the scene of the crime. Further, witness Weston's testimony may well have been disbelieved in that witness Sutherland testified that no one other than the defendant and Mr. Weston were present in the Parent Street residence. At that time, the name Dale Cruthers was not mentioned. Finally, the prosecutor revealed that the house had been searched without anyone else being found and that an interview with Dale Cruthers located via police computer showed no connection with the defendant or Mr. Weston. In conclusion, based upon the evidence presented and the defendant's failure to object, the matter has

not been preserved for appeal and omission of the jury instruction did not constitute a miscarriage of justice.

Defendant's final argument is that the court committed error requiring reversal by failing to state its reasons for arriving at the sentence rendered. At the time that the sentence was rendered, there was no requirement that the court describe its reasons for the particular sentence rendered. The Michigan Supreme Court has recently ruled as follows:

"The rule requiring trial courts to state on the record the specific criteria considered in sentencing and the reasons for the nature and length imposed is to be given only prospective application from the date of this decision." *People v Coles,* 417 Mich 523, 551-552; 339 NW2d 440 (1983).

The holding in the *Coles* case does allow appellate review of a trial court's exercise of discretion. Relief may be afforded a defendant where the appellate court finds that the trial court's sentence shocks the conscience of the appellate court. In our present case, the sentence falls within the limits imposed by statute, there is no factual argument that the presentence report was inaccurate, and there has been no showing that the trial court improperly applied criteria for determining an appropriate sentence so as to shock the conscience of this Court. No error being found, the sentence of imprisonment for from three and one-half to ten years stands.

Affirmed.